U.S. v. Christopher Roman-Medina, 19-604 (PAD)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[1]Christopher Roman-Medina aka "Keke,"

Defendant.

CRIM. NOS. 19-604 [1] (PAD)

Received and Filed
7/26/2022
vso

PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, and Defendant **Christopher Roman-Medina**, through his counsel, José R. Aguayo-Caussade, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

The Defendant agrees to plead guilty to Counts One and Six of the indictment. Count One in charges, in sum and substance, that from in or about the year 2013, and continuing up to and until the return of the instant Indictment, in the Municipality of Ponce, in the District of Puerto Rico and within the jurisdiction of this Court, **Christopher Roman-Medina**, and other members of the drug trafficking organization, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally distribute controlled substances, to wit: one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a

Schedule I Narcotic Drug Controlled Substance; two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is, the José N. Gándara Public Housing Project and the Hogares de Portugués Public Housing Project. All in violation of Title 21, United States Code Sections 841(a)(1), 846, and 860.

Count Six charges that from in or about the year 2013, and continuing up to and until the return of the instant Indictment, in the Municipality of Ponce, in the District of Puerto Rico and within the jurisdiction of this Court, **Christopher Roman-Medina**, and other members of the drug trafficking organization, aiding and abetting each other, did knowingly and unlawfully possess firearms as that term is defined in Title 18, United States Code Section 921(a)(3), in furtherance of drug trafficking offenses as charged in counts One (1) through Five (5) of the Indictment. All in violation of Title 18, United States Code Section 924(c)(1)(A) and 2.

2. **Maximum Penalties**

The maximum statutory penalty for Count One is a term of imprisonment which shall not be less than ten years and up to two terms of life, a fine not to exceed twenty million dollars pursuant to Title 21 U.S.C. §§ 841(b)(1)(A), 846, and 860 and a supervised

release term of not less than ten years, pursuant to 18 U.S.C. § 3583(b)(1) and Title 21 U.S.C. § 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least 3.5 kilograms but less than 5 kilograms of cocaine the defendant faces a minimum term of imprisonment of not less than 5 years and not more than 80 years, a fine not to exceed $10,000,000, and a term of supervised release of at least 8 years; all pursuant to Title 21 U.S.C. §§ 841(b)(1)(B), 846, and 860, and 18 U.S.C. § 3583(b)(2)..

As to Count Six, the penalty is a term of imprisonment of not less than five (5) years and up to life imprisonment, to be served consecutive from any other count of conviction; and a fine not to exceed $250,000.00, and a term of supervised release up to five (5) years, all for violation of Title 18 U.S.C. § 924(c)(1)(A).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

U.S. v. Christopher Roman-Medina, 19-604 (PAD)

The Court may, pursuant to § 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES' CALCULATIONS<br>COUNT ONE<br>Title 21 U.S.C. §§ 841(a)(1), 846 and 860 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. §2D1.1(c)(5) | 28 |
| Protected Location U.S.S.G. §2D1.2(a)(1) | +2 |
| Supervisory Role (+2) USSG:3B1.1(c) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |

### SENTENCING GUIDELINES' CALCULATIONS
### COUNT ONE
### Title 21 U.S.C. §§ 841(a)(1), 846 and 860

| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 29 |
|---|---|---|---|---|---|
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 |

### COUNT SIX
### Title 18 U.S.C. § 924 (c)(1)(A)

As to Count Six, the United States and Defendant submit that pursuant to United States Sentencing Guidelines § 2K2.4(b), a defendant that is convicted of violating 18 U.S.C. § 924 (c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. In the present case, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), there is a minimum term of imprisonment of **sixty (60) months**.

8. **Sentence Recommendation**

The parties, after due considerations of the relevant factors enumerated in 18 U.S.C. § 3553(a), agree to recommend that Defendant be sentenced to 84 to 108 months of imprisonment for Count One, regardless of criminal history category, to be followed by a consecutive 60 months of imprisonment for Count Six.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for the Defendant.

10. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the total imprisonment sentence imposed by the Court is 168 months or less, Defendant waives the right to appeal any aspect of these cases' judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553 — other than any explicitly provided for in this Plea Agreement — shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, José R. Aguayo-Caussade, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

 b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

 c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

 d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

 e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matters proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictments pending against Defendant in both cases.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in

any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 23. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any firearms and ammunition or other property involved or used in the commission of the offenses.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant

agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, *habeas corpus*, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors

and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

_____
Teresa S. Zapata Valladares
Assistant U.S. Attorney
Deputy Chief, Gang Section
Dated: 2.16.2022

_____
R. Vance Eaton
Special Assistant U.S. Attorney
Dated: 2/14/22

_____
José R. Aguayo-Caussade, Esq.
Counsel for Defendant
Dated: 7/19/22

_____
Christopher Roman-Medina
Defendant
Dated: 7/19/22

U.S. v. Christopher Roman-Medina, 19-604 (PAD)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/19/22

_____
Christopher Roman-Medina
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/19/22

_____
José R. Aguayo-Caussade
Counsel for Defendant

U.S. v. Christopher Roman-Medina, 19-604 (PAD)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in these cases, the Defendant **Christopher Roman-Medina** acknowledges that he is guilty as charged in Count One of the Indictment and admits the following:

Beginning not later than the year 2013 and continuing up to and until the return of the indictment, in the Municipality of Ponce, in the District of Puerto Rico and within the jurisdiction of this Court, **Christopher Roman-Medina**, and other members of the drug trafficking organization, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally distribute controlled substances, to wit: one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is, the José N. Gándara Public Housing Project and the Hogares de Portugués Public Housing Project. All in violation of Title 21, United States Code §§ 841(a)(1), 846, and 860.

U.S. v. Christopher Roman-Medina, 19-604 (PAD)

The object of the conspiracy was to distribute controlled substances at the José N. Gándara Public Housing Project; the Hogares de Portugués Public Housing Project, and other areas in the southern part of Puerto Rico, all for significant financial gain and profit. Defendant **Christopher Roman-Medina** acted as a leader at the José N. Gándara Public Housing Project for the drug trafficking organization. As such, he would manage drug points at which other members of the drug trafficking organization sold street quantities of heroin, cocaine, crack cocaine and marijuana.

Defendant equally concedes that multiple kilograms of heroin, cocaine, cocaine base and marijuana were distributed during the conspiracy. However, for purposes of this plea agreement, the Defendant acknowledges that during the conspiracy he possessed with intent to distribute at least 3.5 kilograms but less than 5 kilograms of cocaine.

The Defendant further concedes that throughout the conspiracy he and other members of the drug trafficking organization carried guns in furtherance of their drug trafficking.

Discovery was timely made available to Defendant for review.

_R. Vance Eaton_
R. Vance Eaton
Special Assistant U.S. Attorney
Dated: June 21, 2022

José R. Aguayo-Caussade, Esq.
Counsel for Defendant
Dated: 7/19/22

Christopher Roman-Medina
Defendant
Dated: 7/19/22